UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NATHAN W. ROMINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:08-CV-036 PS |
| vs. | ) | |
| | ) | |
| NICK YODER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Nathan W. Romine, a *pro se* prisoner, submitted a complaint. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of

*pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

  Romine alleges that he was sexually harassed when he was strip searched at the jail during a search for a razor blade. He does not allege that he was improperly touched, nor does he allege that it was unlawful to conduct the search itself. Rather he states that the guard smiled and snickered during the search and that he made unnecessary sexual comments about his genitals, i.e. "that's cute". Romine also alleges that the Sheriff suggested that he not pursue this case. Neither of these comments state a claim. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

  Additionally, Romine alleges that the order of the strip search was reversed causing him to place his unclean fingers into his mouth after he had touched his buttocks and that he is suffering emotional harm as a result of the strip search. Romine does not allege that he has directly suffered any physical injury as a result of these events or comments. Fear of an injury that did not occur does not state a claim. *See Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir.

2

1997). Without actual injury caused by the defendant's actions or omissions, Romine does not state a claim. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000).

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

Because the Complaint does not state a claim for which relief can be granted, this case is **DISMISSED** pursuant to 28 U.S.C. 1915A.

**SO ORDERED**.

ENTERED: February 11, 2008

s/ Philip P. Simon  
Philip P. Simon, Judge  
United States District Court

3